# Exhibit "A"

*"Complaint"*

Electronically Filed
10/6/2020 4:19 PM
Steven D. Grierson
CLERK OF THE COURT

Jonathan B. Lee, Esq.
Nevada Bar No. 13524
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Fax: (702) 444-4455
Email: jlee@richardharrislaw.com
*Attorneys for Plaintiff*

CASE NO: A-20-822570-C
Department 15

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| ISABEL MANGUIA,<br><br>                    Plaintiff,<br><br>vs.<br><br>WALMART, INC., foreign domestic incorporated company; DOE WALMART EMPLOYEE; DOE WALMART MANAGER; DOE MAINTENANCE COMPANY; DOE MAINTENANCE WORKER; DOES 1 through 100; ROE BUSINESS ENTITIES 1 through 100, inclusive jointly and severally,<br><br>                    Defendants. | CASE NO.:<br>DEPT. NO.:<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Isabel Manguia ("Plaintiff" or "Mrs. Manguia"), by and through her attorneys of record, Jonathan B. Lee, Esq. of the Richard Harris Law Firm, hereby complains and alleges as follows:

**PARTIES**

1.      Mrs. Manguia was at all time relevant hereto a resident of Clark County, Nevada.

2.      Defendant WALMART, INC., ("WALMART") was at all times relevant a foreign domestic incorporated company, authorized to do business in Clark County, Nevada.

3.      Defendant DOE WALMART EMPLOYEE was at all times relevant hereto a resident of Clark County, Nevada. DOE WALMART EMPLOYEE was the employee tasked with

1

RICHARD HARRIS
LAW FIRM

ensuring the dangerous condition that caused Mrs. Manguia's injuries was not present at the Subject Premises.

4.      Defendant DOE WALMART MANAGER was at all times relevant hereto a resident of Clark County, Nevada. DOE WALMART MANAGER was the employee tasked with hiring, training, and/or supervising the DOE WALMART EMPLOYEE who created the dangerous condition or failed to properly prevent or rectify the dangerous condition.

5.      Defendant DOE MAINTENANCE COMPANY is a business entity authorized to do business in Clark County, Nevada. DOE MAINTENANCE COMPANY was contracted by WALMART to maintain the Subject Premises in a reasonably safe manner.

6.      Defendant DOE MAINTENANCE WORKER was at all time relevant hereto a resident of Clark County, Nevada. DOE MAINTENANCE WORKER an employee of DOE MAINTENANCE COMPANY, tasked with ensuring that the dangerous condition did not exist at the Subject Premises.

7.      At all times pertinent, DOE WALMART EMPLOYEE, DOE WALMART MANAGER, DOE MAINTENANCE COMPANY, and/or DOE MAINTENANCE WORKER were agents, servants, employees, or contractors of WALMART and/or DOE MAINTENANCE COMPANY, and at all times mentioned herein, acting within the scope and course of said agency and employment, with knowledge and permission and consent of WALMART and/or DOE MAINTENANCE COMPANY.

8.      Plaintiff is informed and believes, and thereupon alleges, that WALMART and/or DOE MAINTENANCE COMPANY are responsible in some manner for their agency or master/servant relationship with DOE WALMART EMPLOYEE, DOE WALMART MANAGER, DOE MAINTENANCE COMPANY, and/or DOE MAINTENANCE WORKER or otherwise contributed to, as a proximate cause, the events complained of herein.

9.      That the true names, identities and capacities, whether individuals, corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessor or successor entities, joint ventures, parent corporations or other related business entities of the Defendants,

2

inclusive, are unknown at this time.  However, it is alleged, upon information and belief, that these Defendants were acting on behalf of or in concert with, or at the direction of, the other Defendants and are in some way responsible for the injurious activities of the other Defendants. Plaintiff alleges that each named and DOE Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed allowed or set in motion the injurious events set forth herein. Plaintiff requests leave of the Court to amend this Complaint to name these Defendants when their identities and capacities become known through the course of discovery.

## JURISDICTION AND VENUE

10.     The events which are the subject matter of the instant Complaint occurred in Clark County, Nevada, and therefore, jurisdiction and venue are appropriate with this Court.

## GENERAL ALLEGATIONS

11.     On or about July 31, 2019, Mrs. Manguia was shopping at the WALMART located at 2310 East Serene Avenue, Las Vegas, Nevada 89123 (the "Subject Premises"), when she slipped and fell due to a puddle of liquid that was present on the floor of one of the aisles of the store (hereinafter "the dangerous condition").

12.     As a result of the dangerous condition, Mrs. Manguia sustained significant injuries to her right ankle and right knee (among other body parts).

13.     The dangerous condition was caused as a direct result of the Defendants' failure to maintain the Subject Premises in a reasonable and safe manner.

14.     Defendants were responsible for maintaining the Subject Premises and were in actual control of the Subject Premises at time of the events that give rise to this action.

15.     Defendants knew, or reasonable should have known, the dangerous condition existed on or about the Subject Premises.

16.     Defendants failed to place signs, caution, warn, or otherwise make safe, the dangerous condition existing on or about the Subject Premises.

17.     Accordingly, Defendants negligently, carelessly, and recklessly maintained and allowed the dangerous condition to exist at the Subject Premises.

3

18.     Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Mrs. Manguia.

## FIRST CAUSE OF ACTION

### (Negligence/Premise Liability – Against All Defendants)

19.     Mrs. Manguia incorporates paragraphs 1 through 18 of the Complaint as if those paragraphs were fully incorporated herein.

20.     Defendants owed Mrs. Manguia a duty to maintain the Subject Premises in a reasonable and safe manner.

21.     Defendants breached their duties to Mrs. Manguia because they knew or should have known about the dangerous condition that existed at the Subject Premises but failed to rectify the dangerous condition.

22.     Defendants also owed Mrs. Manguia a duty of care to warn of the dangerous, non-obvious condition.

23.     Defendants breached this duty of care by failing to place caution signs or otherwise failing to warn Mrs. Manguia of the dangerous, non-obvious condition.

24.     As a direct and proximate result of Defendants' negligence, Mrs. Manguia sustained substantial injuries which caused her pain for a significant amount of time and all to her damage in a sum in excess of $15,000.00.

25.     As a direct and proximate result of Defendants' negligence, Mrs. Manguia received medical and other treatment, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Mrs. Manguia.

26.     As a direct and proximate result of the Defendants' negligence, Mrs. Manguia has also been limited her recreational and daily activities, which has caused and shall continue to cause Mrs. Manguia physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

27.     Under the doctrines of *respondent superior*/vicarious liability and pursuant to NRS 41.130, WALMART and/or DOE MAINTENANCE COMPANY are vicariously liable, jointly

RICHARD HARRIS
LAW FIRM

4

and severally, for the damages suffered by Mrs. Manguia as a direct and proximate result of their agency relationship with DOE WALMART EMPLOYEE, DOE WALMART MANAGER, DOE MAINTENANCE COMPANY, and/or DOE MAINTENANCE WORKER.

28.   As a direct and proximate result of the Defendants' negligence, Mrs. Manguia has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CAUSE OF ACTION

**(Negligent Hiring, Training, Supervision and Retention – Against WALMART, DOE WALMART MANAGER, and DOE MAINTENANCE COMPANY)**

29.   Plaintiff incorporates paragraphs 1 through 28 of the Complaint as if those paragraphs were fully incorporated herein.

30.   WALMART, DOE WALMART MANAGER, and DOE MAINTENANCE COMPANY owed a duty of care to Mrs. Manguia to exercise due care in hiring, training, supervision and retaining their employees/agents, ensuring that they are fit for their positions.

31.   WALMART, DOE WALMART MANAGER, and DOE MAINTENANCE COMPANY breached this duty of care to Mrs. Manguia, by failing to train and/or retain and/or supervise DOE EMPLOYEE and DOE MAINTENANCE WORKER with respect to maintaining the Subject Premises in a reasonably safe manner, warning of any dangerous conditions, and/or reporting defects at the Subject Premises.

32.   As a direct and proximate result of WALMART, DOE WALMART MANAGER, and DOE MAINTENANCE COMPANY's negligence, Mrs. Manguia sustained substantial injuries which caused her pain for a significant amount of time and all to her damage in a sum in excess of $15,000.00.

33.   As a direct and proximate result of the aforementioned negligence of all WALMART, DOE WALMART MANAGER, and DOE MAINTENANCE COMPANY, Mrs. Manguia has been required to engage the services of an attorney, incurring attorney's fee and costs to bring this action.

5

**JURY DEMAND**

Mrs. Manguia demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Mrs. Manguia expressly reserves the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, pray judgment against the Defendants, and each of them, as follows:

1.     For general damages sustained by Mrs. Manguia in an amount in excess of $15,000.00;

2.     For special damages sustained by Mrs. Manguia in excess of $15,000.00;

3.     For reasonable attorney's fees and costs of suit;

4.     For interest at the statutory rate; and

5.     For such other relief as the Court deems just and proper.

Dated this 6th day of October 2020.

RICHARD HARRIS LAW FIRM

*/s/ Jonathan B. Lee*

Jonathan B. Lee, Esq.
Nevada Bar No. 15324
801 S. Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

6